OPINION
{¶ 1} Robert Puls ("Mr. Puls") appeals from a judgment of the Domestic Relations Division of the Montgomery County Court of Common Pleas, which denied his petition for a domestic violence civil protection order against his wife, Sharon Puls ("Mrs. Puls").
 {¶ 2} Mr. and Mrs. Puls were married in 1984, and they separated on August 20, 1999. On March 1, 2001, Mrs. Puls filed for divorce, and the relationship between the parties became hostile. On May 9, 2001, Mr. Puls dropped the parties' two children off at the marital home and attempted to give Mrs. Puls information regarding a proposed settlement. Mrs. Puls refused the information, and the two argued. Mrs. Puls called the police.
 {¶ 3} Mr. Puls filed a petition for a domestic violence civil protection order as a result of the May 9, 2001 incident. Mrs. Puls filed her own petition on May 14, 2001, stemming from the same incident. Each party was granted an ex parte protection order. Following several continuances, a hearing on the motion was set for February 19, 2002. On November 29, 2001, Mrs. Puls filed a motion to show cause why Mr. Puls should not be held in contempt for violation of the ex parte order. The hearing on Mrs. Puls' motion was also set for February 19, 2002. On that date, a hearing was held on the parties' petitions for domestic violence civil protection orders and on Mrs. Puls' motion.
 {¶ 4} Both parties testified at the hearing. Based upon their testimony, the magistrate denied Mr. Puls' petition for a domestic violence civil protection order and granted Mrs. Puls' petition. Mr. Puls filed objections to the magistrate's decision, which the trial court overruled on July 18, 2002.
 {¶ 5} Mr. Puls appeals the denial of his petition, raising one assignment of error.
 {¶ 6} "I. The trial court violated appelant's [sic] state and federal constitutional right of due process and violated appellant's statutory right under section 3113.31 of the Ohio Revised Code."
 {¶ 7} Under this assignment of error, Mr. Puls claims that his due process rights were violated because he was not given notice that the hearing on the petitions for domestic violence civil protection orders was to be held on February 19, 2002.
 {¶ 8} Although neither party acknowledges it in the briefs, the record contains an order by the trial court continuing the hearing on the parties' petitions to February 19, 2002. This order was signed by Mr. Puls' attorney and the trial court judge and was served upon Mrs. Puls' attorney on November 6, 2001. There is nothing in the record to indicate that the hearing was further continued. Therefore, it appears that Mr. Puls did receive notice that the hearing on the parties' petitions was to be held on February 19, 2002. Presumably, when the court scheduled the hearing on Mrs. Puls' motion for the same date, Mr. Puls assumed that the hearing on the petitions would be continued to a later date. However, there is nothing in the record to support this assumption. Given these facts, we conclude that Mr. Puls did, in fact, receive notice that the hearing on the petitions for domestic violence civil protection orders was to be held on February 19, 2002.
 {¶ 9} Accordingly, the sole assignment of error is overruled.
 {¶ 10} The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.